**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No.: 12-CR-0792 YGR |
| Plaintiff, | **PRETRIAL ORDER NO. 11 REGARDING ANDREW CERVANTES'S MOTION TO DISMISS DUE TO PRE-INDICTMENT DELAY** |
| v. | |
| **HENRY CERVANTES**, *et al.*, | Re: Docket No. 817 |
| Defendants. | |

Defendant Andrew Cervantes ("A. Cervantes") moves to dismiss the Third Superseding Indictment due to pre-indictment delay (Docket No. 817). The government opposes the motion (Docket No. 887). Having considered the papers submitted, the record in this case, and the arguments of counsel, the Court **DENIES** A. Cervantes's motion to dismiss due to pre-indictment delay.

A. Cervantes argues that the government completed its investigation pertinent to him by August 2012, "but did not charge him until September 17, 2015, in order to gain a tactical advantage at trial," warranting dismissal of the indictment for violation of his due process rights. (Docket No. 817 at 4.) "Delay between commission of the crime and indictment is generally limited by the statute of limitations, but in some circumstances the Due Process Clause requires dismissal of an indictment brought within the limitations period." *United States v. Huntley*, 976 F.2d 1287, 1290 (9th Cir. 1992). To prevail on a Fifth Amendment due process claim for pre-indictment delay, a defendant must satisfy a two-part test: "(1) the defendant must prove actual, non-speculative prejudice from the delay; and (2) the length of delay, when balanced against the reason for the delay, must offend those 'fundamental conceptions of justice which lie at the base of our civil and political institutions.'" *Id.* (quoting *United States v. Sherlock*, 962 F.2d 1349, 1353–

54 (9th Cir. 1992)) (some quotation marks omitted). The Court must first consider whether defendants have shown actual prejudice, which is necessary to make "the due process claim concrete and ripe for adjudication," but not sufficient to establish the due process violation. *Id.* (citing *United States v. Lovasco*, 431 U.S. 783, 789 (1977)); *see also id.* at 1291 (explaining that "[t]he defense had only speculation and weak inferences to suggest that [police communication] tapes would have been exculpatory"). "The second prong of the test applies only if [an individual] has demonstrated actual prejudice." *United States v. Corona-Verbera*, 509 F.3d 1105, 1112 (9th Cir. 2007).

The Court does not find that A. Cervantes demonstrates actual prejudice. First, A. Cervantes notes that prejudice at this stage of the litigation "is difficult to identify," but explains that the government will seek to admit information dating back to 2012 obtained from cell phones, including messages allegedly between Peter Cuen and Alberto Larez, linked to A. Cervantes, and information related to Angela Cuen as a possible "source of funds for [A. Cervantes]." (Docket No. 817 at 6.) Because A. Cervantes seeks records that date back to 2012, and cell phone carriers store such records for limited periods of time, he explains that he will not be able to obtain them from the carriers to challenge the authenticity or other aspects of the information obtained from the cell phones. (*See id.*)

With respect to the issue of text message content and Peter Cuen's phone, A. Cervantes does not respond to the government's assertions that (i) the carrier for the cell phone associated with Peter Cuen did not retain the content of text messages and (ii) the carrier for the cell phone used to send messages to that phone only retained the content of text messages for only three to five days. (*See* Docket No. 887 at 5 n.1.) It therefore appears that accessing the phones would be decisive in obtaining such content. (*See id.*) Instead, A. Cervantes merely argues that other "phone records—texts and call detail records for Angela Cuen's phone—have been destroyed in the interim between when the co-defendants were charged and A[.] Cervantes was charged in this case." (A. Cervantes's Reply, Docket No. 904 at 2.) The government notes that these records

relate to "payments that [Angela Cuen] made to [A. Cervantes] that are documented in BOP TRUEVIEW records provided in discovery." (Docket No. 887 at 5.) The carrier for her phone, according to the government, did not retain text message content, but did retain text detail records for up to eighteen months and call detail records for eighteen to twenty-four months. (*See id.* at 5 n.1.)[1]

Notwithstanding any of the foregoing, the government argues that A. Cervantes fails in his burden to demonstrate how preservation of this evidence would assist in his defense. (*See id.* at 5.) The Court agrees. The Ninth Circuit has considered "too speculative" an assertion of prejudice on the basis of a defendant's "lost access to his credit card records, which could have explained his location at the time of [a] killing," *United States v. Manning*, 56 F.3d 1188, 1194 (9th Cir. 1995), and that "a potential 'key witness' for his defense had died," *id.* There, the court explained that the defendant "ha[d] not specifically stated what the credit card records would show, or made any showing regarding what the deceased witness would have said." *Id.* "Generalized assertions of the loss of memory, witnesses, or evidence are insufficient to establish actual prejudice." *Id. Cf. United States v. Vasquez*, 15 F. Supp. 3d 1000, 1006–09 (E.D. Cal. 2014) *reconsideration denied*, 2014 WL 2548638 (E.D. Cal. 2014) (finding, in speedy trial right analysis, prejudice from loss of phone records, when the records would have identified what person an individual called to order drugs and could have identified that person as unconnected to the defendant accused of delivering drugs obtained from that person). A. Cervantes argues that he could have obtained "independent verification, or impeachment, of the alleged text message exchanges." (*See* Docket No. 817 at 6.) Yet, even assuming the text and call detail records did not verify any exchange between A. Cervantes and Angela Cuen, the Court struggles to see actual prejudice. A. Cervantes merely expresses uncertainty about whether the records would have verified that the exchanges occurred.

---

[1] A. Cervantes does not respond to the government's assertions that text and call detail records for the phone associated with Peter Cuen may remain available for five to seven years, depending on the type of account, or that such records for the phone used to send messages to that phone were available "for one year rolling." (*See* Docket No. 887 at 5 n.1.)

3

(*See id.*)² Accordingly, the Court finds A. Cervantes has not demonstrated actual prejudice related to the deletion of cell phone records. *See Manning*, 56 F.3d at 1194.

A. Cervantes's second and third arguments on the topic of prejudice relate to the time with which counsel must prepare for trial and obtain relevant discovery. Neither argument demonstrates actual prejudice at this time. A. Cervantes reiterates the arguments made in prior motions that the government's decision to indict him after years of litigation and months before the trial date leaves counsel insufficient time to prepare his defense. (*See* Docket No. 817 at 6–7.) The Court, however, previously continued the trial from January to May, after issuance of the Third Superseding Indictment in September, and has taken steps to ensure that counsel has sufficient time to prepare. (*See* Docket No. 781 at 10 (denying severance, continuing the trial date, authorizing an associate to assist trial counsel, requiring early identification of trial exhibits by the government, and reiterating order of informal proffer by the government to expedite review of discovery).)

In addition, A. Cervantes asserted that a delay in providing his Bureau of Prisons "Central File" will prevent him from having sufficient time to review it and conduct any necessary investigation in relation to it before trial in May. The claim lacks specificity in how the discovery of this file impacts the defense. The mere claim that it is "essential" because A. Cervantes was in custody during the time period at issue in this case is insufficient. Further, while the defense claims that the government has yet to provide the file, the matter appears to have been resolved.³ Thus, the

---

² That said, the government does not explain a basis for finding that "in all likelihood, the records sought by defendant would only buttress the government's case ...." (Docket No. 887 at 5).

³ Discovery of this information is subject to a separate motion before Judge Cousins. (*See* Docket No. 817 at 7 n.2; Docket No. 904 at 3 n.1.) However, after the last hearing, the government filed—pursuant to this Court's order—a declaration from counsel for the Bureau of Prisons indicating that, "[i]n December 2015, [she] made a production, with redactions . . . , to the United States Attorney's Office of the complete Inmate Central File of [A. Cervantes]." (Docket No. 951, Declaration of Valerie Stewart ¶ 2; *see also* Docket No. 817 at 7; Docket No. 904 at 3 (noting that his codefendants have had years to review their files and to conduct related investigations).) Although the government states that there is no link between the delay in producing these records and pre-indictment delay, it does not explain its reasoning to support that conclusion or to reject A.

4

Court finds that A. Cervantes has not demonstrated actual prejudice in the form of insufficient time to review his file and conduct the necessary investigation in relation to it prior to trial.

In sum, the Court finds no actual prejudice and need not address the reasons for the delay. The Court therefore **DENIES** the motion to dismiss for pre-indictment delay (Docket No. 817).

This Order terminates Docket No. 817.

**IT IS SO ORDERED**.

Date: March 9, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

Cervantes's argument that he would have had additional years to seek production of these documents had the government indicted him earlier. (*See* Docket No. 887 at 6.)

5