UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br>　　　　　Plaintiff,<br>　　v.<br>HENRY CERVANTES,<br>　　　　　Defendant. | Case No. 12-cr-00792-YGR-12 (KAW)<br><br>**ORDER GRANTING MOTION TO QUASH**<br><br>Re: Dkt. No. 1214 |

The CDCR moves to quash a subpoena Defendant Andrew Cervantes served on May 3, 2016. (Dkt. No. 1214.) The subpoena seeks materials concerning a former inmate who is expected to testify at an evidentiary hearing on Mr. Cervantes' motion to exclude certain statements pursuant to *Massiah v. United States*, 377 U.S. 201 (1964).[1] (Dkt. No. 1224 at 2.) The CDCR has lodged the responsive materials (consisting of both confidential and non-confidential files) for in camera review. (Dkt. No. 1214.)

Under Federal Rule of Criminal Procedure 17(c), a party may subpoena a witness to compel the production of books, paper, documents, data, or other objects. Such a subpoena may be quashed if the production of the materials would be "unreasonable or oppressive, but not otherwise." *United States v. Nixon*, 418 U.S. 683, 689 (1974). In *Nixon*, the Supreme Court held that a request under Rule 17 must clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity. *Nixon*, 418 U.S. at 700. In addition, the party seeking production must show that the materials sought are "not otherwise procurable reasonably in advance of trial by exercise of due diligence," "that the party cannot properly prepare for trial without such production and inspection

---

[1] The evidentiary hearing is currently set for June 10, 2016. Dkt. No. 1233.

1  in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay
2  the trial," "and that the application is made in good faith and is not intended as a general fishing
3  expedition." *Id.* at 699-700 (citing *United States v. Iozia*, 13 F.R.D. 335, 338 (S.D.N.Y. 1952)).
4  The Ninth Circuit has applied the *Nixon* factors to a defendant's Rule 17(c) subpoena. *United*
5  *States v. Eden*, 659 F.2d 1376, 1381 (9th Cir. 1981); *United States v. Reed*, 726 F.2d 570, 577 (9th
6  Cir. 1984).

Defendant claims that the materials sought "are likely relevant to impeach the cooperator, both by contradicting his direct testimony and by showing that he lacks credibility." (Dkt. No. 1224 at 2.) Defendant also argues that the materials "may contain statements by the cooperator that will contradict his statements to federal law enforcement agents after the cooperator 'dropped out' in federal prison." (*Id.* at 3.) Defendant further argues that the materials will likely include documents that indicate the cooperator was not a member of the *Nuestra Familia* and that the materials "might well contain reports that would be useful and admissible during cross-examination of the government's proffered expert witnesses, Tony Garrow and Dan Livingston, who remain listed as government witnesses who will testify about the NF." (*Id.*)

These assertions are insufficient. Both the Supreme Court and the Ninth Circuit have held that impeachment is an insufficient basis to clear the hurdles applicable to a Rule 17(c) subpoena. *Nixon*, 418 U.S. at 701 ("Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial."); *United States v. Fields*, 663 F.2d 880, 881 (9th Cir. 1981) ("The only evidentiary use that defendants have been able to advance is that the statements and transcribed interviews of witnesses could be used for impeachment purposes. This use is generally insufficient to justify the pretrial production of documents.") (citations omitted). To the extent Defendant claims that certain documents may be used during the cross-examination of Tony Garrow and Dan Livingston, the Court notes that the presiding judge has excluded testimony specific to the *Nuestra Familia* as set forth in the order dated February 9, 2016, Dkt. No. 928.

Because Defendant has failed the make the requisite showing, and having conducted an in

camera review of the lodged materials,[2] the CDCR's motion to quash is GRANTED.

IT IS SO ORDERED.

Dated: 06/09/16

KANDIS A. WESTMORE
United States Magistrate Judge

---

[2] In light of the Court's in camera review, Defendant's assertion that "[m]any of the documents may also be admissible under hearsay exceptions not acknowledged by the CDCR, such as recorded recollections, statements against interest and co-conspirator statements" is unavailing.

3