UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br>v.<br>HENRY CERVANTES, *et al.*,<br>Defendants. | Case No.: 12-CR-0792 YGR<br><br>TRIAL ORDER NO. 8 DENYING ANDREW CERVANTES'S MOTION TO STRIKE OCAMPO TESTIMONY FOR VIOLATION OF JENCKS ACT<br><br>RE: DKT. NO. 1294 |

Currently before the Court is defendant Andrew Cervantes's ("A. Cervantes") motion to strike the testimony of witness Bismark Ocampo as a sanction for the government's alleged violation of the Jencks Act, 18 U.S.C. section 3500. (Dkt. No. 1294, "Mtn.") A. Cervantes argues that the government violated the Jencks Act by failing to disclose thirty days before trial recordings of Ocampo's (a) debriefings with Bureau of Prisons ("BOP") officers and (b) prison telephone calls in the custody of BOP. The government opposes, arguing there was no violation of the Jencks Act here, eliminating any bases for the requested sanction. The Court having carefully considered the papers submitted, the record in this case, and oral arguments held June 21 and 22, 2016, hereby **DENIES** A. Cervantes's motion and **ORDERS** as follows:

**I.  BACKGROUND**

The Jencks Act requires the Court, on motion of a defendant, to order the government to disclose the prior statement of a witness in its possession relating to the subject matter of a witness's testimony. *See* 18 U.S.C. § 3500. This requirement is not triggered until after the witness's direct examination testimony at trial, and is limited to statements that "relate[] to the

subject matter as to which the witness has testified." *Id*. Notwithstanding the plain language of the statute, A. Cervantes argues that the Court ordered Jencks Act productions thirty days before trial. In this District, the government, with the Court's assistance, routinely attempts to provide the defense with Jencks materials sooner than required by the Jencks Act. As such, the Court facilitated the parties' discussion with respect to an early disclosure to address, and alleviate, the potential for short continuances during trial. Through this process, the government agreed to disclose to the defense what it deemed to be Jencks material approximately thirty days before trial. (*See, e.g.*, 11/13/2015 Transcript at 62:6-9, Mr. Alioto Stating that "[m]ost of the Jencks material will be disclosed 30 days before trial.") As divulged by the government, exceptions would exist, namely those required for witness safety reasons.[1] Having discussed the topic in the fall of 2015, the Court approved the protocol orally but no written order issued.

With respect to the witness at issue, for security reasons, the government did not provide Jencks material on Ocampo until trial was underway. Although the government agreed only to provide Jencks for protected witnesses twenty-four hours prior to trial, the government did so for Ocampo on May 18, 2016, a full week prior to the witness's direct examination which commenced on May 25, 2016. Cross examination of Ocampo followed on May 26, 2016.

**II. DISCUSSION**

As an initial matter, the Court rejects the allegation that the production should have occurred thirty days before trial. No such requirement is statutorily mandated, nor did the Court issue such an order. Counsel's representation of the record was not accurate. Counsel is cautioned

---

[1] To manage any requests for continuance resulting from mid-trial disclosures, the Court required the government to disclose the volume of materials it was withholding for safety reasons. (*See* 10/21/2015 Transcript at 5:12-14.) In response, the government sent defense counsel a letter dated October 22, 2015, detailing the Jencks material related to protected witnesses and confirming (i) the government's plan to disclose traditional Jencks materials thirty days prior to trial, and (ii) reiterating that Jencks material for protected witnesses would not be produced prior to trial. The next month the government reiterated that it would withhold Jencks material of protected witnesses until "closer to the testimony of the proffered witness" because the identity of those witnesses was not being disclosed before trial for safety reasons. (*See* 11/13/2015 Transcript at 62:9, 65:13-24.)

2

against further attacking cooperative protocols which are not only valued in this District but which inure to defendant's own benefit and to the benefit of defendants generally.

Next, A. Cervantes argues that two categories of statements in the government's possession should have been disclosed to the defense as relevant to Ocampo's testimony under the Jencks Act, namely recordings of Ocampo's: (A) debriefings with officers of the BOP; and (B) telephone calls made from prison and maintained in the ordinary course by the BOP. The Court addresses each set of recordings in turn.

**A. Recordings of Debriefings with BOP Officers**

As a threshold matter, the Court is not convinced that any interviews of Ocampo with the BOP officers were recorded. Thus: under cross examination by counsel for A. Cervantes, Ocampo did testify that in the meetings with BOP officers, they were "taking notes or had a little recorder sometimes." However, he then appeared to retract immediately. (5/26/2016 Transcript at 3698:10.) The entirety of the examination upon which this motion is brought concerns four questions and answers:

> Q: DID THEY TAKE NOTES ABOUT WHAT YOU WERE SAYING?
> A: TAKING NOTES OR HAD A LITTLE RECORDER SOMETIMES.
> Q: THEY RECORDED SOME OF THE MEETINGS?
> DO YOU REMEMBER WHO HAD THE RECORDER?
> A: PROBABLY PAGE OR HEATH.
> Q: DO YOU REMEMBER ABOUT HOW MANY MEETINGS WERE RECORDED?
> A: NO, I DON'T REMEMBER THAT.
> Q: BUT MORE THAN ONE?
> A: YOU CAN SAY THAT, BUT I DON'T REMEMBER ACCURATELY.
> Q: YOU DON'T REMEMBER. OKAY.

(*Id.* at 3698:9-18.) Ocampo refused to confirm that even one of his meetings with BOP officers was recorded and defense counsel failed to follow-up and confirm any distinct memory of even one incident or to clarify the ambiguity in the responses.

Given the ambiguity, the Court cannot confirm whether the witness recalls such an event or whether, as has been repeatedly emphasized by the defense, the cooperating witness was merely

3

embellishing his testimony. Moreover, the Court now has the government's representation that the BOP did not record Ocampo's debriefings. (6/21/2016 Transcript at 6045:21.)

To confirm to the Court that no such recordings exist, the government shall file by June 30, 2016 declarations from both Agent Page and Agent Heath that no recordings were made.[2] Based on the record before it, however, the Court finds no violation of the Jencks Act in this regard.

**B. Recordings of Prison Telephone Calls**

Next, A. Cervantes argues that Ocampo's personal calls constitute Jencks and should have been produced. By way of background, A. Cervantes first raised this specific issue to the Court on June 20, 2016[3] over one month following the initial disclosures of Jencks made to all defendants with respect to Ocampo. (*See* Mtn.) The declaration submitted in support of the motion indicates an email request to the government on Wednesday, June 15, 2016 asserting that the BOP calls were Jencks material. (Dkt. No. 1294-1 ¶ 9.) Counsel for A. Cervantes apparently exchanged communications with the government obtaining its commitment to review the calls anew without a concession that any Jencks material existed. (*Id.* ¶ 11.)

With respect to analyzing whether the government violated the specific requirements of the Jencks Act, the Court considers the following: First, the government does not deny that the BOP phone calls are in its "possession" for purposes of the Jencks Act although it did not physically receive all of the calls from the BOP until June 22, 2016. Second, the question remains whether the substance of the calls "relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500. The government reported that it had previously reviewed some of the BOP calls and found no Jencks material, but, in light of the request, is now obtaining a comprehensive set of the calls which it will review for Jencks. (*Id.* ¶ 11; 6/21/2016 Transcript at 6050:11-14.) The government

---

[2] Lacking any citation to authority, A. Cervantes requests that the government affirmatively correct Ocampo's testimony. As is allowed under the federal rules, A. Cervantes may recall Ocampo or call Agents Page and Heath, or alternatively, the Court will entertain argument as to whether the declarations ordered herein would be are admissible as admissions.

[3] The motion was filed by counsel on for A. Cervantes on June 19, 2016, a Sunday.

4

maintains its belief that ninety percent of the content is personal family calls.  A. Cervantes has not asserted any basis to the contrary other than speculation.

Unlike the circumstances existing in *United States v. Ramirez*, 174 F.3d 584 (5th Cir. 1999), there is no obvious connection here between Ocampo's personal calls at issue and his testimony. Given the lack of any examination on Ocampo's use of BOP phone call time and the disclosure of all traditional Jencks material by the government in advance of the deadline, the request to strike the entirety of the witness's testimony based on the current record lacks merit.  And given that A. Cervantes did not move for an order of the Court directing disclosure of the BOP phone call recordings until recently, and no such order ever issued, the Court has no basis for finding the government "elect[ed] not to comply" with an order of this Court.  *See* 18 U.S.C. § 3500.  Defense counsel's email to the government does not suffice, nor does the Court find evidence to support a finding of "willful avoidance" or "egregious dereliction" on the part of the government.  *See U.S. v. Polizzi*, 500 F.2d 856, 893 (9th Cir. 1974) (absent such a showing "a court need not invoke the drastic remed[y] of striking testimony").  Indeed, the government agreed to re-review the phone calls and disclose any Jencks material.

In light of the circumstances, and the ongoing trial, the Court **ORDERS** as follows:  By 9:00 a.m. on Monday, June 27, 2016, the government shall review all of Ocampo's personal BOP calls and deliver to defense counsel all Jencks material from the same to the extent any exists.[4]  To the extent the Court is required to review redactions, those shall be delivered to the Court for review preferably no later than 9:00 a.m. on Sunday, June 26, 2016.  Counsel for A. Cervantes shall advise the Court by no later than 8:30 a.m. on Wednesday, June 29, 2016 whether A. Cervantes requests that Ocampo be recalled for further cross-examination so that arrangements can be made to transport the witness.

///

///

---

[4] A. Cervantes requested that the Court review all of Ocampo's telephone calls for relevance (Mtn. at 5) but appears to have retracted from that request during oral argument.  To the extent A. Cervantes is still making such a request it is **DENIED**.

5

**III. CONCLUSION**

For the reasons set forth above A. Cervantes's motion to strike testimony as a sanction for a Jencks Act violation is **DENIED**. The government shall provide declarations from Agents Page and Heath no later than June 30, 2016, and disclose all relevant BOP phone calls by 9:00 a.m. on Monday, June 27, 2016, unless otherwise ordered by this Court.

This Order terminates Docket Number 1294.

**IT IS SO ORDERED**.

Date: June 24, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**