**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    Plaintiff,<br><br>    v.<br><br>**HENRY CERVANTES,** *et al.***,**<br><br>    Defendants. | Case No.: 12-CR-00792-YGR<br><br>**TRIAL ORDER NO. 10 RE:** *BRADY/GIGLIO* **VIOLATIONS; DENYING MOTION TO STRIKE OR FOR CURATIVE INSTRUCTION**<br><br>Re: Dkt. Nos. 1294, 1323 |

On June 19, 2016, defendant A. Cervantes filed a motion to strike the testimony of witness Bismark Ocampo based on alleged violations of the Jencks Act, 18 U.S.C. section 3500. (Dkt. No. 1294.) The Court denied defendant A. Cervantes' motion to strike Mr. Ocampo's testimony from the record. (Dkt. No. 1318.) As part of that Order, the Court ordered the government to disclose all relevant BOP phone calls, which defendant A. Cervantes claims should have been disclosed. (*Id.*) After reviewing said phone calls, defendant A. Cervantes raised on the record that the failure to disclose the phone calls prior to Mr. Ocampo's testimony amounted to violations of the government's obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) ("*Brady*") and *Giglio v. United States*, 405 U.S. 150 (1972) ("*Giglio*"). The government offered to make Mr. Ocampo available again for further cross-examination which all the defendants declined.

As is detailed in the record, most of the BOP telephone calls were produced within a couple of days. A minor portion was transcribed from Spanish to English, which took longer to disclose. Upon completion of the production, and after the close of evidence, defendant A. Cervantes maintained his claim of *Brady/Giglio* violations on the basis that the actual calls had not been produced prior to or at the time of Mr. Ocampo's examination.[1] Despite a lengthy hearing

---

[1] On July 11, 2016, defendant A. Cervantes filed a document entitled "Response to Court's Questions Regarding Prejudice from Andrew Cervantes' Asserted Jencks Act Violation; Notice of Lodging Exhibits to Supplement the Record." (Dkt. No. 1392.) This document was filed late, without leave of the Court, after arguments on the issue were completed, and on the eve of closing arguments. It is thereby **STRICKEN** and not considered. The Court will allow the filing to remain

and the passage of time, defendant A. Cervantes could not articulate any specific prejudice or any substantive difference between the disclosures made and the actual calls themselves.

The government is required to "provide the defense with material exculpatory evidence within the government's possession, including evidence that could have been used to impeach the [witness's] credibility." *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993) (citing *Brady* and *Giglio*). Evidence that is cumulative is not material for *Brady/Giglio* purposes. *United States v. Stifler*, 851 F.2d 1197, 1202 (9th Cir. 1988). "When a witness's credibility has already been substantially called into question in the same respects by other evidence, additional impeachment evidence will generally be immaterial and will not provide the basis for a *Brady* claim." *Tankleff v. Senkowski*, 135 F.3d 235, 251 (2d Cir. 1998) (citing *United States v. Zagari*, 111 F.3d 307, 320–21 (2d Cir. 2011)).

The Court finds the decision in *United States v. Owen*, No. CR-87-856, C-96-524, 1996 WL 479017 (N.D. Cal. Aug. 1, 1996) to be instructive. On a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, the defendant argued that the government withheld certain memoranda which were material to impeaching three of the government's witnesses. *Id.* at *5. The court found that "[a]lthough the documents cited by [the] defendant may have been useful to the defense at trial, taken individually or as a whole they are not likely to have changed the verdict." *Id.* The documents identified suggested that the witnesses "engaged in dishonesty, drug use[,] and other criminal acts." *Id.* However, the court found that the witnesses had admitted as much at trial and that the defense appeared to have had "much of the information contained in" the requested documents at trial. *Id.* Thus, the court found that additional "documentary evidence supporting these admissions is not likely to have changed the outcome of the trial," and therefore found that such documents were "not material for purposes of *Brady*." *Id.* (finding that any failure to "release or reveal these documents did not violate due process under *Brady*").

The decision in *Cox v. Kerestes*, No. 09-cv-4825, 2011 WL 10563242 (E.D. Pa. July 22, 2011), *report and recommendation adopted*, 2013 WL 1294110 (E.D. Pa. Mar. 29, 2013) is also

---

on the docket for appellate purposes only.

analogous to the case at hand. In *Cox*, the defendants claimed that the government failed to disclose a pardon letter relevant to one of the government's witnesses. *Id.* at *12. The court found, however, that defense counsel was aware of the existence of the pardon letter and impeached the witness's credibility with the existence of the pardon letter on cross examination and in his closing statement. *Id.* The court there thus found that the defendant did not meet *Brady*'s cause and prejudice test. *Id.*

Here, the government produced disclosures in advance of trial, much less, at the time of the examination, on the subjects and the substance of the phone calls, all the defendants were able to cross-examine on such subjects, and were thus not prejudiced by the absence of the phone calls themselves. Defendant A. Cervantes has not made a showing to the contrary. Accordingly, the Court **FINDS** that defendant A. Cervantes has not sufficiently shown that the government has violated any of its *Brady/Giglio* obligations with respect to Mr. Ocampo's testimony.

Similarly, defendant A. Cervantes has requested the Court to strike the testimony of witness Mario Ochoa Gonzalez on the grounds that the government elicited misleading testimony from Mr. Ochoa Gonzalez regarding his October 2015 debriefings with the Northern District of California U.S. Attorney's Office, or alternatively, for a curative instruction that the government elicited misleading information. (Dkt. No. 1323.) The examination, however, when viewed in its totality does not support the allegations made. The motions are, therefore, **DENIED**.

This Order terminates Dkt. No. 1323.

**IT IS SO ORDERED**

Dated: July 12, 2016

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**