UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br>Plaintiff,<br>v.<br>**HENRY CERVANTES, ET AL.**,<br>Defendants. | Case No. 12-cr-00792-YGR-12<br><br>**POST-TRIAL ORDER NO. 4 DENYING RULE 29 AND RULE 33 MOTION FOR JUDGMENT OF ACQUITTAL AND NEW TRIAL FOR ANDREW CERVANTES**<br><br>**RE: DKT. NO. 1445** |

Currently before the Court is defendant Andrew Cervantes's motion for judgment of acquittal and for a new trial, pursuant to Federal Rules of Criminal Procedure 29 and 33, respectively. (Dkt. No. 1445, 1477.) Defendant A. Cervantes moves on the jury's verdict as to a sentencing factor in Count One, in which the jury found defendant A. Cervantes guilty of joining a conspiracy to commit murder under California law (the "Sentencing Factor"). (Dkt. No. 1433 at 6.)[1] Specifically, defendant A. Cervantes argues that: (i) the Court should enter a judgment of acquittal as to the Sentencing Factor because the evidence submitted at trial was insufficient to establish all the elements of conspiracy to commit murder under California law; and (ii) the Court should grant a motion for a new trial because the jury received improper instructions on the law concerning the charged conspiracy to commit murder.

Having carefully considered the papers submitted on this motion, and the record at trial, the Court **DENIES** defendant A. Cervantes' Rule 29 and Rule 33 motion for judgment of acquittal

---

[1] Defendant A. Cervantes was found guilty in Count One for engaging in a racketeering conspiracy, pursuant to 18 U.S.C. section 1962(d). (Dkt. No. 1433 at 4.) One of the elements of Count One was that the defendant knowingly agreed that either he or another person would conduct or participate in the conduct of an enterprise through a pattern of racketeering activity. The Court instructed the jury on the different types of racketeering activities upon which it could find defendant A. Cervantes guilty of Count One. Certain of these racketeering activities also constituted special sentencing factors. As such, the jury was charged with determining which, if any, of these special sentencing factors defendant A. Cervantes was guilty of committing. The jury found defendant A. Cervantes guilty of committing the two special sentencing allegations presented to it. Defendant A. Cervantes challenges only the jury's finding as to the first sentencing factor, i.e., that defendant A. Cervantes engaged in a conspiracy to commit murder under California law. (Dkt. No. 1477 at 1–2, 9.)

and for a new trial.

I. **LEGAL STANDARD**

Under Federal Rule of Criminal Procedure 29, a court may set aside a guilty verdict and enter an acquittal. Fed. R. Crim. P. 29. "In ruling on a Rule 29 motion, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Alarcon-Simi*, 300 F.3d 1172, 1176 (9th Cir. 2002) (quoting *United States v. Bahena-Cardenas*, 70 F.3d 1071, 1072–73 (9th Cir. 1995)) (emphasis in original).

Under Federal Rule of Criminal Procedure 33, upon the defendant's motion, a "court may vacate any judgment and grant a new trial if the interest of justice so requires." In the Ninth Circuit, a motion for a new trial must be granted if an error, "in any reasonable likelihood, [could] have affected the judgment of the jury." *United States v. Butler*, 567 F.2d 885, 891 (9th Cir. 1978). "A motion under Rule 33 may be 'grounded on any reason other than newly discovered evidence,' including improper jury instructions." *United States v. Mann*, 982 F. Supp. 2d 1251, 1259 (D.N.M. 2013) (citing Fed. R. Crim. P. 33).

II. **DISCUSSION**

A. **Motion for Judgment of Acquittal Pursuant to Fed. R. Crim. P. 29**

Under California law, the elements of the crime of conspiracy to commit murder are as follows: (1) the defendant intended to agree and did agree with coconspirators to kill intentionally and unlawfully; (2) at the time of the agreement, an alleged member of the conspiracy intended that one or more of them would kill intentionally and unlawfully; (3) that at least one of the coconspirators committed an overt act to accomplish the killing; and (4) at least one such overt act was committed in California. CALCRIM 563. Defendant A. Cervantes argues that the evidence submitted at trial failed to establish that any overt acts occurred in California, and, therefore, the Court should enter a judgment of acquittal as to the Sentencing Factor.

Viewing the evidence in a light most favorable to the government, the Court finds that there was sufficient evidence for a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. The evidence in this case was overwhelming as it related to defendant

A. Cervantes and his control and authority over the affairs of *Nuestra Familia* inside the prison and outside. More than sufficient evidence was presented to support the verdict. Here, the government properly focuses on one where a letter evidences defendant A. Cervantes mailing an order for the murder of "Demonito" from Lewisburg, Pennsylvania to San Jose, California (Trial Exh. 340-1-153) and that a response was subsequently mailed from San Jose to defendant A. Cervantes indicating that "all was well received and understood" (Trial Exh. 340-1-160). (*See* Dkt. No. 1211, May 18, 2016 Trial Tr. 2917:3–2925:10.) Further exhibits evidence that another co-conspirator sent defendant A. Cervantes a letter asking if the hit on "demona" was still active (Trial Exh. 340-1-170), to which defendant A. Cervantes responded in the affirmative (Trial Exh. 370-1-174). (*See* Dkt. No. 1211, May 18, 2016 Trial Tr. 2931:6–2934:23.) Thus, under any articulation of what constitutes an overt act in California, *see infra*, the Court finds that the evidence was sufficient for a trier of fact to find defendant A. Cervantes guilty beyond a reasonable doubt of conspiracy to commit murder.

### B. Motion for a New Trial Pursuant to Fed. R. Crim. P. 33

Defendant A. Cervantes argues that a motion for a new trial is warranted here on two grounds: (1) the Court incorrectly instructed the jury as to the elements of conspiracy to commit murder and (2) the Court failed to correct the government's misstatement of the law concerning the California overt act requirements.

With regards to defendant A. Cervantes' first ground for moving for a new trial, defendant argues that the Court failed to instruct the jury on the proper elements for a charge of conspiracy to commit murder. However, the record reflects that that Court provided the necessary instructions to the jury regarding the elements for a conspiracy to commit murder. On July 13, 2016, the Court instructed the jury on the elements of the alleged racketeering acts, including conspiracy to commit murder. (Dkt. No. 1413, July 13, 2016 Trial Tr. 7933:23–7934:15.) In defining conspiracy to murder under California law, the Court stated the following elements:

> First, the defendant intended to agree and did agree with one or more of the defendants to commit murder; second, that at the time of the agreement the defendant and one or more of the other alleged members of the conspiracy intended that one or more of them would commit murder; third, that one of the defendants committed at least one of the overt acts to accomplish that murder;

3

fourth, that at least one of those over acts was committed in California. (*Id.* at 7937:23–7938:10.) Defendant A. Cervantes argues that the Court informed the jury that that instruction could only be considered for a limited purpose. The Court, however, did not limit the instruction itself but rather informed the jury that the crime for "conspiracy to murder" could be "considered solely for the purposes of deciding whether a racketeering activity occurred." (*Id.* at 7937:23–25.) The Sentencing Factor at issue here asked the jury to identify whether conspiracy to murder under California law was one of the racketeering activities upon which they found defendant A. Cervantes guilty of Count One. Thus, the Court's instruction does not provide any grounds upon which a new trial should be granted.

With regards to defendant A. Cervantes' second ground for moving for a new trial, defendant takes issue with the government's argument at closing that "an overt act is committed when [the letter was] sent by mail both in the place it starts and the place it ends." (Dkt. No. 1416, July 18, 2016 Trial Tr. 8509:7–9.) The government further explained that "to that extent, if someone is mailing something into California, they are committing an act in, perhaps in Pennsylvania but also in California." (*Id.* at 8509:12–14.) Defendant A. Cervantes objected to this articulation of the law, and the Court overruled such objection. (*Id.* at 8509:10–11.) Defendant A. Cervantes concedes that he has not found any cases holding that receiving a letter at a particular location is not an act at that location. (Dkt. No. 1493 at 5.)[2] Instead, defendant A. Cervantes argues that the government's statement implied that the jury could find an overt act in California even if there was no evidence that such letters were received in California. Defendant A. Cervantes then argues that there is no evidence that any conspirator who was physically present in California received letters from defendant A. Cervantes or mailed letters to A. Cervantes. However, the government specifically stated that the overt act is committed both where the mail

---

[2] The government has also not found cases directly stating that for the purposes of an overt act in a conspiracy charge, the receipt of a letter in one location constitutes an overt act in that location. However, the Court finds persuasive the cases the government cites in the context of determining proper venue. *See People v. Megladerry*, 40 Cal. App. 2d 643, 652 (1940) (finding venue proper in Alameda County where check was mailed from Sacramento to Oakland); *cf. United States v. Pace*, 314 F.3d 344, 349–50 (9th Cir. 2002) (holding in the context of wire fraud cases that "venue is established in those locations where the wire transmission at issue originated, passed through, or was received, or from which it was 'orchestrated'").

4

"starts *and the place it ends*," which means that the jury must find that the letters actually arrived in California before finding that an overt act occurred here. (*Id.* at 8509:7–9 (emphasis supplied).) And, as discussed above, several trial exhibits and testimony on the record suggested that defendant A. Cervantes' letters regarding the conspiracy to murder "Demon" were received in California, and that responses to such letters were sent to defendant A. Cervantes from California.

Accordingly, the Court finds that defendant A. Cervantes is not entitled to a new trial.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** defendant A. Cervantes' motion for acquittal and for a new trial pursuant to Federal Rules of Criminal Procedure 29 and 33.

This Order terminates Docket Number 1445.

**IT IS SO ORDERED.**

Dated: November 8, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**